· ■ MARYELLEN LAMBERT, as Administratrix of the Estate of WILLIAM E. LAMBERT, Deceased, Appellant, v GEORGE M. ROHR, JR., Respondent. (Action No. 1.) (And Another Action.)—In Action No. 1 of a consolidated negligence action which seeks to recover damages for wrongful death and conscious pain and suffering, plaintiff appeals (1) from an order of the Supreme Court, Orange County, entered May 3, 1977, which denied her motion to set aside a jury verdict in favor of defendant and (2) as limited by her brief, from so much of a judgment of the same court, entered May 31, 1977, as is in favor of defendant in Action No. 1 and against her, upon a jury verdict. Appeal from the order dismissed; any right of direct appeal from the order terminated with entry of the judgment (see *Matter of Aho,* 39 NY2d 241, 248). Judgment reversed insofar as appealed from, on the facts, and new trial ordered as to the wrongful death action, with costs to abide the event. The actions herein stem from an automobile accident that occurred on Lake Street in Newburgh, New York, at the site of a housing development where the road was being widened and a new drainage culvert was being put in. There was a large gaping hole in the road that was approximately 40-feet deep. Some time between 11:00 P.M. and 12:30 A.M. on the night of August 18, 1973, while en route to decedent's home, the automobile drove off the 40-foot embankment and landed on its roof. William Lambert was killed and George Rohr was injured. At the trial, plaintiff Lambert attempted to show that her decedent had not been the driver of the car at the time of the accident. Defendant Rohr claimed that decedent, and not he, was driving at the time. There were no other passengers in the car, and there were no witnesses to the accident. The jury found that defendant Rohr had been the driver of the car and had been guilty of negligence. It also found that plaintiff's decedent had been guilty of contributory negligence for failure to give adequate instructions and warnings to the defendant driver concerning the construction area. The jury finding of contributory negligence based on the failure to warn was not supported by the evidence. First, there is nothing in the record with respect to the course of events immediately preceding the accident. Second, the duty to warn the driver (found to be Rohr) of a particular danger on a particular road is doubtful in view of the testimony that there were adequate and sufficient signals on Lake Street to alert oncoming traffic (Restatement, Torts 2d, § 495). Third, there is nothing in the record from which it could be reasonably inferred that the decedent possessed any foreknowledge of the hazard. Therefore, since the burden of proof as to the contributory negligence of plaintiff's decedent was upon defendant Rohr (see EPTL 5-4.2), it is our opinion that the jury's finding was not supported by the evidence. We find no merit to plaintiff's contention that the Trial Justice improperly permitted the jury to correct its verdict. Rabin, J. P., Titone, Suozzi and Mollen, JJ., concur.